UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

PENNY M.,

        **Plaintiff,**

 vs.              8:24-CV-961
                    (MAD/TWD)

FRANK BISIGNANO, *Commissioner*
*of Social Security*,

        **Defendant.**
_____

APPEARANCES:          OF COUNSEL:

**ANDERSON LAMB & ASSOCIATES PC**  **ARTHUR P. ANDERSON, ESQ.**
P.O. Box 1624
Burlington, Vermont 05402
Attorney for Plaintiff

**SOCIAL SECURITY ADMINISTRATION** **VERNON NORWOOD, ESQ.**
Office of General Counsel
6401 Security Boulevard
Baltimore, Maryland 21235
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

  Plaintiff, Penny M., commenced this action pursuant to 42 U.S.C. § 405(g) seeking review of the decision of the Commissioner of Social Security (the "Commissioner") denying her application for disability insurance benefits. *See* Dkt. No. 1.

  In a Report-Recommendation dated July 10, 2025, Magistrate Judge Therese Wiley Dancks recommended that (1) Plaintiff's motion for judgment on the pleadings be denied; (2) Defendant's motion for judgment on the pleadings be granted; and (3) the Commissioner's

1

decision be affirmed. *See* Dkt. No. 18. Plaintiff objects to the Report-Recommendation. *See* Dkt. No. 19.

When a party files specific objections to a magistrate judge's report and recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge," the court reviews those recommendations "for clear error." *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 685 (N.D.N.Y. 2015) (citation and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Neither party has objected to the background or legal framework set forth in the Report-Recommendation. *See* Dkt. No. 19. The Court therefore adopts Magistrate Judge Dancks' summary of the factual and procedural background and applicable law and presumes the parties' familiarity with the same.

In her initial brief, Plaintiff challenged the Administrative Law Judge's ("ALJ") decision insofar as the ALJ rejected two parts of a medical opinion of her treating physician Zbigniew Wolczynski, M.D.; (1) that Plaintiff had greater limitations in her right upper extremity; and (2) that Plaintiff had greater limitations in her ability to walk and stand. *See* Dkt. No. 12. Magistrate Judge Dancks concluded that the ALJ's conclusions were supported by substantial evidence. *See*

Dkt. No. 18. Plaintiff objects to Magistrate Judge Dancks' conclusion, raising similar arguments to those which were presented to Magistrate Judge Dancks. *See* Dkt. Nos. 12, 17, 19. Because Plaintiff's objections reiterate arguments that were thoroughly considered by Magistrate Judge Dancks, the Court will review the Report-Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 229 (N.D.N.Y. 2012); *James L. E. v. Comm'r of Soc. Sec.*, 758 F. Supp. 3d 5, 9 (N.D.N.Y. 2024) (collecting cases). The Court finds no clear error in Magistrate Judge Dancks' decision.

The ALJ limited Plaintiff to light work, which "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls," 20 C.F.R. § 416.967, and occasional overhead reaching with the right upper extremity. *See* Dkt. No. 18 at 7. The ALJ and Magistrate Judge Dancks acknowledged Dr. Wolczynski's greater limitations that Plaintiff was only able to reach, handle, finger, and feel for less than 1/3 of a workday and could not perform those functions repetitively throughout the same time period. *See* Dkt. No. 18 at 8-9 (quoting Dkt. No. 6-8 at 11-12). Magistrate Judge Dancks concluded that the ALJ "supportably noted" that Plaintiff was not as limited in the movement and range of motion of her right shoulder and arm as opined by Dr. Wolczynski. *See id.* at 11-12 (citing Dkt. No. 6-8 at 11-12). The Court agrees with Magistrate Judge Dancks that the ALJ's decision contains a "thorough discussion of Plaintiff's right extremity impairment symptoms, history of treatment, and providers' observations . . . ." *Id.* at 14.

Plaintiff argues that the ALJ failed to acknowledge the consistency between Dr. Wolczynski's 2018 medical opinion and a medical opinion from Daniel P. Bullock, M.D. in December 2012 that Plaintiff's right shoulder had "a percentage loss of use of 20% for the forward flexion deficit, 20% for the abduction deficit and 10% for the moderate rotation deficit for a total

3

percentage loss of use of 50%." Dkt. No. 6-7 at 193; *see also* Dkt. No. 12 at 17-22; Dkt. No. 19 at 2. Magistrate Judge Dancks first noted that the "assessment by Dr. Bullock was rendered almost two years prior to Plaintiff's alleged onset date of November 26, 2014." Dkt. No. 18 at 11. Magistrate Judge Dancks is correct "that courts have found opinions provided before the onset date to be irrelevant in certain situations." *Binder v. Comm'r of Soc. Sec.*, No. 5:15-CV-738, 2016 WL 4079533, *4 (N.D.N.Y. July 29, 2016) (collecting cases). However, "medical records which predate the claimant's alleged onset date can 'prove to be relevant to a claimant's later condition provided that there is indication that the symptoms experienced extended in duration into the relevant time period.'" *Mills v. Astrue*, No. 5:11-CV-955, 2012 WL 6681685, at *2 (N.D.N.Y. Dec. 21, 2012) (quoting *Baggett v. Astrue*, No. 5:11-CV-0195, 2012 WL 2814369, *8-9 (N.D.N.Y. June 13, 2012)).

In her objections, Plaintiff argues that "neither the ALJ nor the Magistrate Judge considered that [Plaintiff's] right shoulder problems continued to be problematic after Dr. Bullock's 40% upper extremity impairment rating and throughout the period of inquiry. In fact, Dr. Bullock increased [Plaintiff's] loss of use to 50% in December 2012." Dkt. No. 19 at 2. Plaintiff then refers to medical records from September, October, and December 2012, and July, September, and October 2013. *See id.* at 2-4. Plaintiff avers that "[t]he Magistrate Judge and the Commissioner argue that Dr. Bullock's upper extremity impairment rating was made almost two years before the artificial onset date of November 26, 2014, but Dr. Bullock continued to treat [Plaintiff] after that time and he never changed or amended his upper extremity impairment rating except to increase it from 40% to 50%." *Id.* at 5.

Plaintiff does not dispute that Dr. Bullock's opinion predates her alleged onset date by two years and that "[a]lthough it is within an ALJ's purview to consider pre-onset date evidence, it is

4

not required." *James N. v. Comm'r of Soc. Sec.*, No. 3:18-CV-1324, 2020 WL 1140498, *5 (N.D.N.Y. Mar. 6, 2020); *cf.* 20 C.F.R. § 404.1520(c) ("[I]t is possible for you to have a period of disability for a time in the past even though you do not now have a severe impairment"); *see* Dkt. No. 19.  Plaintiff also does not explain why the ALJ should be relying on evidence from two years prior to the alleged onset date when, as stated by Magistrate Judge Dancks, "Plaintiff previously filed an application for a period of disability and disability insurance benefits on September 17, 2012, alleging disability beginning on July 8, 2010. . . . On November 25, 2014, the day immediately prior to the alleged onset date in this matter, ALJ Carl E. Stephan issued a written decision finding Plaintiff was not disabled."  Dkt. No. 18 at 2 n.2.

Plaintiff argued before Magistrate Judge Dancks, and reiterates in her objections, that ALJ Stephan's decision is consistent with "Dr. Wolczynski's right shoulder limitation," which should have been considered by the ALJ.  Dkt. No. 19 at 6; *see* Dkt. No. 12 at 17.  Magistrate Judge Dancks noted that "[i]n his November 25, 2014, opinion, ALJ Stephan opined from July 8, 2010, th[r]ough the date of said decision, Plaintiff retained the RFC to perform 'light work,' with additional limitations including that she 'can reach in all directions occasionally with her dominant right upper extremity . . . .'"  Dkt. No. 18 at 12 (quoting Dkt. No. 6-3 at 10) (emphasis omitted).  The Court agrees with Magistrate Judge Dancks that the previous ALJ decision, which related to Plaintiff's condition between July 8, 2010, and November 25, 2014, does not control the ALJ's decision underlying the present appeal.  *See id.*

"As the Second Circuit has pointed out, a previous finding in a Social Security case is not itself evidence of disability, 'but, rather, a conclusion based on evidence.'"  *Dayle B. v. Saul*, No. 3:20-CV-00359, 2021 WL 1660702, *16 (D. Conn. Apr. 28, 2021) (quoting *Caron v. Colvin*, 600 Fed. Appx. 43, 44 (2d Cir. 2015)).  "'[T]he fact that two ALJs may permissibly reach different

5

conclusions, even on the same record . . . is not probative of anything.'" *Id.* (quotation omitted). "[T]he previous ALJ's findings are not binding when there is no temporal overlap between the applications for benefits." *Id.*; *cf. Saxon v. Astrue*, 781 F. Supp. 2d 92, 100 (N.D.N.Y. 2011) ("[The] plaintiff's argument regarding the ALJ's duty to obtain the 'entire prior file' to have a 'longitudinal record' lacks merit. Indeed, if ALJ Stephan obtained and reviewed the entire file, he would have 'constructively reopened' the prior applications"). Plaintiff does not present any case law to the contrary. *See* Dkt. No. 19.

Plaintiff also asserts in her objections that Magistrate Judge Dancks interpreted raw medical data when she stated that the previous ALJ's "discussion of Dr. Bullock's treatment notes reflect consistent abnormalities with [Plaintiff's] right shoulder, specifically in her range of motion, which were not present to the same extent after the alleged onset date of [Plaintiff's] subsequent application for benefits.'" *Id.* at 8 (quoting Dkt. No. 18 at 12). Magistrate Judge Dancks' statement is not an interpretation of raw medical data. She compared the 2014 ALJ decision, which concerned Plaintiff's condition from 2010 through November 25, 2014, with the 2024 ALJ decision which related to Plaintiff's medical state from November 26, 2014, through December 31, 2016. *See* Dkt. No. 18 at 12. The Court finds no error in Magistrate Judge Dancks' comparison of one opinion, which discussed numerous records from within the relevant time period, to a second opinion wherein those same records, or ones like it, were absent.

Magistrate Judge Dancks is also correct that Plaintiff's reliance on Magistrate Judge Andrew T. Baxter's 2022 Memorandum-Decision and Order is unavailing. *See id.* Magistrate Judge Dancks accurately recounts Magistrate Judge Baxter's decision which, contrary to Plaintiff's assertion, did not "find[]" that Plaintiff was limited to only occasional reaching. Dkt. No. 19 at 6. Magistrate Judge Baxter concluded only that the administrative record contained

6

additional evidence of limitations in Plaintiff's right upper extremity that the ALJ failed to discuss at the time. *See* Dkt. No. 18 at 13 (explaining the previous decision). Such a conclusion does not require a specific finding from the ALJ on remand. *See Bradley v. Colvin*, 110 F. Supp. 3d 429, 442 (E.D.N.Y. 2015) (concluding that "it was not error for [the] ALJ [] to assess [the plaintiff's] RFC upon remand" because "while [the previous decision] determined what [the] RFC was *not* (*i.e.*, not light work), it did not rule on what [the] RFC actually *was*").

To the extent Plaintiff argues the ALJ did not consider Plaintiff's entire medical history, *see* Dkt. No. 19 at 7, the Court disagrees. The ALJ referenced medical records from before the alleged onset date. *See* Dkt. No. 6-8 at 10. He also noted Plaintiff's consistent complaints of shoulder pain "well after the date last insured." *Id.* at 11.[1]

Plaintiff's arguments are essentially a request for this Court to reweigh the evidence that was before the ALJ. *See* Dkt. Nos. 12, 19. As Magistrate Judge Dancks explained, *see* Dkt. No. 18 at 14, that is not the Court's function. *See Vincent v. Shalala*, 830 F. Supp. 126, 133 (N.D.N.Y. 1993) ("[I]t is not the function of the reviewing court to reweigh the evidence. . . . The ALJ is entrusted with the power to weigh the evidence and assess the credibility of witnesses. . . . The court is confined to the limited role of assessing whether the ALJ's decision is supported by substantial evidence") (citations omitted). Rather, the Court finds that Magistrate Judge Dancks did not clearly err in concluding that the ALJ's decision concerning Plaintiff's right upper

---

[1] Plaintiff repeatedly refers to the onset date as "artificial," Dkt. No. 19 at 6, but Plaintiff asserted that November 26, 2014, was when she "became unable to work" in her 2018 application. Dkt. No. 6-5 at 2. "[A] claimant's onset date of disability is the first date on which she is unable 'to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months.'" *Cabibi v. Colvin*, 50 F. Supp. 3d 213, 239 (E.D.N.Y. 2014) (quoting 42 U.S.C. § 423(d)(1)(A)). Plaintiff does not challenge the onset date finding in her appeal. *See* Dkt. No. 12.

extremity limitations is supported by substantial evidence. In her objections, Plaintiff cites numerous medical records wherein she reported pain, tenderness, and discomfort with movement in her right upper extremity. *See* Dkt. No. 19 at 9. The ALJ explicitly discussed many of those records. *See* Dkt. No. 6-8 at 10-12. As Magistrate Judge Dancks concluded, the ALJ's discussion of the records provides substantial evidence in support of the RFC determination.

The Court concludes the same regarding the standing and walking limitations. First, Plaintiff states in her objections that "the Magistrate Judge does not dispute [Plaintiff's] arguments that the ALJ 'mischaracterized and cherry-picked' portions of the treatment notes that dealt with [Plaintiff's] left knee pain and lower extremity impairments." Dkt. No. 19 at 11. That is an incorrect interpretation of Magistrate Judge Dancks' words. In her Report-Recommendation, Magistrate Judge Dancks stated that "[a]s Plaintiff correctly identified, an ALJ is not permitted to 'cherry-pick' only evidence supporting his RFC finding." Dkt. No. 18 at 19 (citation omitted). After explaining the relevant legal standard, Magistrate Judge Dancks concluded that "'[P]laintiff's characterization of cherry-picking in the decision is unsupported by the record.'" *Id.* at 19 (quoting *Wendy L. K. v. Comm'r of Soc. Sec.*, No. 3:24-CV-241, 2025 WL 1089519, *5 (N.D.N.Y. Jan. 27, 2025)). Magistrate Judge Dancks expressly rejected Plaintiff's argument that the ALJ cherry-picked records to support his findings. *See id.*

Second, as to the ALJ's RFC determination, Plaintiff argues that "the Magistrate Judge does not provide reasons why [certain] treatment notes . . . not support Dr. Wolcznski's limitation of walking and standing to between 2 and 6 hours, which is a fairly conservative limitation considering all of [Plaintiff's] lower extremity problems and her obesity." Dkt. No. 19 at 11. It is not a magistrate judge's job to provide reasons for accepting or rejecting a specific limitation; that responsibility lies with the ALJ. And, as Magistrate Judge Dancks explained, the ALJ sufficiently

8

explained his rejection of greater walking and standing limitations because the ALJ discussed "MRI, X-ray, and EMG/nerve conduction study results, Plaintiff's gait and range of motion, activities, and injection treatment." Dkt. No. 18 at 20. Plaintiff's disagreement with the ALJ's weighing of that evidence is not grounds for remand.

Accordingly, after carefully reviewing the Report-Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 18) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings (Dkt. No. 16) is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's decision is **AFFIRMED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and dismiss Plaintiff's complaint; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: August 20, 2025
       Albany, New York

_Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge